**GOTTLIEB et al. v. ISENMAN et al.**
**Civ. No. 53-698-S.**

United States District Court
D. Massachusetts.

Feb. 5, 1954.

See also D.C. 15 F.R.D. 88.

Jacob S. Aronson, Boston, Mass., for plaintiff.

William Q. Keenan, Asst. Commerce Counsel, Boston, Mass., Hubert Burstein, New York City, for defendant.

SWEENEY, Chief Judge.

There is before me a Motion for Summary Judgment filed by the defendants. This motion was filed on January 11, 1954, after many depositions had been taken. As opposed to the motion and the testimony adduced at the taking of the depositions, the plaintiff has filed an affidavit in which one Louis Bandler says "we were at all times ready, willing and able to consummate the deal * *." This affidavit was made on July 8, 1953. As the action had only commenced a few days previous, it ean hardly be said that the affidavit was prepared as a counter-affidavit on the Motion for Summary Judgment. We need not decide that point, as the motion will be allowed on another ground.

In this action the plaintiff asks for a $250,000 commission and states that he had a buyer who was "ready, willing and able" to purchase the defendant's business on the defendant's terms, but that the defendant failed to go through with its original contract. The Louis Bandler affidavit of July 8, 1953, states that very thing in no uncertain terms. The depositions which were taken later of Bandler and others disclose that on the day in question, March 3, 1950, the purported purchaser, Blue Moon Foods, Inc., and its subsidiary, June Dairy Products, Inc., did not have the requisite $1,000,000 as a down payment on the purchase price. We can assume, however, that they would have been able to get it shortly. Still the Motion for Summary Judgment would have to be allowed because of a further and serious defect in the ability to buy on the part of the proposed purchasers. Already there were outstanding mortgages on the assets of both of these companies which forbade either company from going into or taking over another business. Certainly, under those circumstances it could not be said that the plaintiffs had procured a customer who was "able" to buy.

From the foregoing, I conclude and rule that the Motion for Summary Judgment is to be allowed.